COLLETTE A. O'CONNOR, PLAINTIFF, v. HOTEL TRAY-MORE COMPANY, A CORPORATION, ETC., DEFENDANT.

Argued May 7, 1930—Decided January 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Cole & Cole.*

*Contra, Bolte, Tripician & Kirkman.*

PER CURIAM.

This is defendant's rule to show cause why plaintiff's verdict at the Atlantic Circuit should not be set aside.

The verdict was for $963.19. The cause of action alleged was that while the plaintiff was a guest at defendant hotel, she deposited with the clerk a diamond ring to be placed for safe keeping in the vault of the defendant, and that through negligence on the part of defendant the ring was lost and not re-delivered to plaintiff. The value of the ring was not questioned.

We think the verdict ought not to be disturbed as being in conflict with the Hotelmen's Lien act (*Comp. Stat., p.* 3135, ¶ 46-3), and in ignoring the limitations thereof. The action is on the theory of simple bailment and not on liability as an innkeeper. The lien act was not pleaded by the defendant. The action was tried entirely on the theory of

bailment. As shown and stated by the court, in its charge, the defense seems to have been that the ring had not been placed in the box by the plaintiff and the evidence seems to have been directed mainly to that issue.

We think the court cannot be said to have erred, as is now claimed for the first time, in its failure to charge the jury as to the statute.

There is nowhere in the pleadings, or in the evidence, or in requests to charge, or in the charge, or in the exceptions to the charge, or in the trial of the case from the beginning to the end, the slightest suggestion that the Hotelmen's Lien act was involved, and it seems to us that the defendant ought not now be heard to say that it was involved.

The defendant contends that the verdict was against the weight of the evidence. We cannot say that it was.

Counsel for the defendant next argue that the court erred in stating to the jury that "if you should bring in a verdict against the defendant you are not charging anyone with theft." We find no fault with the charge in this respect.

The rule to show cause will be discharged, with costs.